IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WILL GROTE                                                                PLAINTIFF

V.                          CASE NO. 5:17-CV-5069

ARVEST BANK and
SABRINA C. COOPER                                                      DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Now pending before the Court are a Motion to Dismiss (Doc. 7) and Brief in Support (Doc. 8), filed collectively by Defendants Arvest Bank and Sabrina C. Cooper. Plaintiff Will Grote filed a Response in Opposition to the Motion (Doc. 10) and a Brief in Support (Doc. 11), and on September 6, 2017, the Court held a hearing in order to allow the parties to present oral argument. At the close of the hearing, the Court took the matter under advisement. For the reasons described below, the Motion to Dismiss will be **GRANTED**.

### I. BACKGROUND

Mr. Grote's Complaint (Doc. 1) alleges that on April 7, 2014, an unknown party forged Mr. Grote's signature on a Loan and Security Agreement ("Loan Agreement") (Doc. 1-1, pp. 1-5) that obligated Mr. Grote to purchase two tanker trailers from General Electric Capital Corporation ("GECC") in the amount of $156,854.88. Although Mr. Grote claims that his signature on the Loan Agreement was forged, he does not identify the alleged forger in the Complaint, nor does he speculate as to the forger's motivation in forging his signature. In Court during the motion hearing, counsel for Mr. Grote admitted that the signature on the Loan Agreement was not notarized.

1

Eleven days after the Loan Agreement was signed, an unnamed individual drew up a separate document related to the purchase of the trailers, entitled "Power of Attorney (Motor Vehicle Titling, Licensing and Registration)" ("POA") (Doc. 1-1, p. 6). Mr. Grote contends that the POA also contained his forged signature; however, unlike his signature on the Loan Agreement, his signature on the POA was notarized, allegedly by Defendant Sabrina C. Cooper, an Arkansas notary public.

In the instant lawsuit, Mr. Grote has sued Ms. Cooper and her employer, Arvest Bank. According to Mr. Grote, Ms. Cooper's negligence in notarizing a forged signature proximately caused him to incur damages in the amount of the entire cost of the two tanker trailers, as well as the costs involved in transporting, licensing, and registering the trailers.[1] He explains that he first became aware of the Loan Agreement when he began receiving phone calls from GECC, informing him that he had purchased two trailers and needed to pay for them. Despite the fact that Mr. Grote believed he had not purchased any trailers and that his signature on the Loan Agreement was a forgery, he nevertheless "arranged to have the trailers picked up in North Dakota, and he began making payments on the trailers." (Doc. 1, p. 3). He claims that he did these things "[i]n an effort to protect his credit and mitigate his damages." *Id.*

Ms. Cooper's and Arvest's Motion to Dismiss argues that Mr. Grote has failed to state a plausible claim for negligence—the only cause of action asserted against them. First, they maintain that a three-year statute of limitations bars the claim for negligence. And second, they contend that the facts pleaded in the Complaint fail to show that Ms.

---

[1] Mr. Grote leaves it to the Court to speculate as to why he chose not to sue GECC, who demanded that he pay for the trailers, and the unnamed forger who masterminded this scheme.

Cooper's acts and/or omissions proximately caused Mr. Grote's alleged damages. In response, Mr. Grote argues that the Complaint was timely filed exactly three years after Ms. Cooper notarized his signature on the POA agreement. As for the issue of proximate causation, Mr. Grote maintains that GECC relied on the forged signature *on the POA* to begin its collection efforts against Mr. Grote, and that is why Ms. Cooper is to blame for his damages associated with the trailers. Below, the Court will analyze the parties' arguments and test the sufficiency of the Complaint.

## II. LEGAL STANDARD

To survive a motion to dismiss, a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept as true all factual allegations set forth in the Complaint by Plaintiff, drawing all reasonable inferences in Plaintiff's favor. *See Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders

'naked assertions' devoid of 'further factual enhancement.'" *Id.* In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

### III. DISCUSSION

The Court has examined the Loan Agreement attached to the Complaint and finds its terms to be clear and unambiguous. The Loan Agreement: (1) obligated Mr. Grote to pay GECC for the trailers; (2) created an agency relationship between Mr. Grote and GECC; and (3) named GECC as Mr. Grote's power of attorney, empowered to prepare and execute any insurance, financing, and titling paperwork that was needed to secure GECC's security interest in the trailers. *See* Doc. 1-1 at ¶¶ 2.0, 2.1, 4.2. The separate POA agreement, on the other hand, was notarized more than a week after the Loan Agreement was signed, and the POA agreement created no new rights, duties, or obligations between Mr. Grote and GECC *that were not already present in the Loan Agreement*. *See id.* at 6. At most, the POA agreement duplicated the power-of-attorney rights from the Loan Agreement and presented them in a separate document, presumably for the purpose of submitting only the power-of-attorney piece of the Loan Agreement to Oklahoma's Department of Licensing and Registration. *See id.*

#### A. Statute of Limitations

Mr. Grote is correct that the three-year statute of limitations for negligence claims does not bar his suit against Ms. Cooper and Arvest Bank. Ark. Code Ann. § 16-56-105 establishes a three-year period in which to file a claim of negligence that begins when the negligence occurs, not when it is discovered. *Orsini v. Larry Moyer Trucking, Inc.,*

4

310 Ark. 179, 183 (1992). Mr. Grote alleges that the negligent act in question occurred on the date Ms. Cooper notarized the POA document, April 18, 2014, and the Complaint was filed exactly three years later, on April 18, 2017. The claim is not time-barred.

### B. Proximate Causation

Moving on to the question of whether Mr. Grote has pleaded a plausible negligence claim, "[u]nder Arkansas law, in order to prevail on a claim of negligence, the plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was the proximate cause of the plaintiff's injuries." *Robinson Nursing and Rehab. Ctr. LLC v. Phillips,* 2017 Ark. 162, at *14.

Here, although Mr. Grote sufficiently pleads that Ms. Cooper owed him a duty of care to adequately perform her notary responsibilities, his claim for negligence fails because the Complaint includes no facts that explain how Ms. Cooper's alleged breach of her duties proximately caused Mr. Grote to incur liability for the trailers—his primary source of damages. Proximate cause is "'that which in a natural and continuous sequence, unbroken by any efficient intervening cause, produced the injury, and without which the result would not have occurred.'" *City of Caddo Valley v. George,* 340 Ark. 203, 213 (2000) (quoting *Union Pac. R. R. Co. v. Sharp,* 330 Ark. 174, 181 (1997)). "[I]n order to warrant a finding that negligence is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligent or wrongful act, and that it ought to have been foreseen in the light of attending circumstances." *Sw. Bell Tel. Co. v. Adams,* 199 Ark. 254, 261 (1939).

Even assuming Ms. Cooper erroneously notarized a forged signature on the separate POA document, Mr. Grote's damages for the cost of the trailers arose from the

Loan Agreement—which was not notarized. The Loan Agreement obligated the borrower "to pay Lender principal plus pre-computed interest and any administrative fee set forth below . . . ." (Doc 1-1, p. 1). By comparison, the separate POA document did not address the amount owed under the Loan Agreement, nor did it set forth any terms of payment. In other words, the POA did not create a legal obligation for Mr. Grote to pay for the trailers. Accordingly, Mr. Grote's negligence claim is dismissed due to his failure to establish facts that would plausibly show that Defendants' actions proximately caused him to incur damages for the cost of the trailers.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Doc. 7) by Defendants Arvest Bank and Sabrina C. Cooper is **GRANTED**, and the case is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(6) for failure to state a claim.

**IT IS SO ORDERED** on this 28th day of September, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE